IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony Murdock, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 20-cv-_____ |
| -*vs*- | ) | |
| | ) | |
| City of Chicago, | ) | *(jury demand)* |
| | ) | |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343.

2. Plaintiff Anthony Murdock is a resident of the Northern District of Illinois.

3. Defendant City of Chicago is an Illinois municipal corporation.

4. At all times relevant, the City of Chicago has enforced a written policy which requires, *inter alia*, that any person arrested on Saturday, Sunday, or a court holiday on a warrant (for which a judge had set an amount of bond) must appear before a judge of the Circuit Court of Cook County before being permitted to post bond.

5. Application of this policy means that a person arrested on a warrant on a Saturday, Sunday, or court holiday must remain at a police station until he (or she) is transferred to the custody of the Cook County Sheriff to

appear before a judge and then permitted to post the bond that had been set when a judge signed the warrant.

6. Plaintiff was stopped for a traffic offense in the early morning hours of September 29, 2018 and then held by Chicago Police Officers under color of a warrant that had been issued by a state court in DuPage County.

7. Following his arrest, Chicago police officers applied the above described policy to plaintiff and required him to be held at the police station, transported to bond court the next morning, and held in custody until he appeared before a judge and was then permitted to post the bond that had been set on the warrant.

8. Plaintiff brings this case individually and for all persons who, on and after February 27, 2018,

   (a) were detained by police officers of the City of Chicago on a Saturday, Sunday, or court holiday on a warrant for which the judge had set an amount of cash bail,
   (b) were not permitted to post bond at the police station, and
   (c) were released after an appearance before a judge of the Circuit Court of Cook County without being held at the Cook County Jail.

9. The proposed class consists of more than 500 persons, whose identity can be ascertained from records maintained by defendant City of Chicago and by the Sheriff of Cook County.

10. The proposed class satisfies each of the requirements of Rule 23(a) and certification is appropriate under Rule 23(b)(3).

11. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that the Court order that the case proceed as a class action, that the Court award appropriate compensatory damages against the City of Chicago and in favor of the class, and that the costs of this action, including fees and costs, be taxed against defendant.

/s/ Kenneth N. Flaxman
KENNETH N. FLAXMAN
ARDC No. 830399
JOEL A. FLAXMAN
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*attorneys for plaintiff*