**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Anthony Murdock, et al., | |
| *Plaintiff,* | Case No. 20-cv-1440 |
| *v.* | Hon. Gary S. Feinerman |
| City of Chicago, | |
| *Defendant.* | |

**CITY OF CHICAGO'S MOTION FOR JUDGMENT ON THE PLEADINGS**
**<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C)</u>**

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND ............................................................................................... 2

       A.     CPD Special Order S06-12-02 .................................................................. 2

       B.     Anthony Murdock ....................................................................................... 4

       C.     Andrew Cruz ................................................................................................ 4

       D.     Johonest Fischer ......................................................................................... 5

       E.     Theresa Kennedy ........................................................................................ 5

       F.     Brian Neals .................................................................................................. 6

LEGAL STANDARD .......................................................................................................... 6

ARGUMENT ........................................................................................................................ 7

     I.     The Complaint Does not Allege a Viable Fourth Amendment Claim. .................. 7

       A.     The Seventh Circuit's decision in *Mitchell* held that presenting
           arrestees to a judge for bond proceedings up to and including
           68 hours after arrest was constitutional. ...................................................... 8

       B.     Plaintiffs, all of whom were arrested on valid warrants,
           were presented to a judge in bond court well within 68 hours,
           and cannot demonstrate a constitutional violation. .................................... 10

       C.     Plaintiffs' alleged Fourth Amendment claims also fail because
           Illinois law required CPD to present them to a judge in bond court ........ 12

     II.     The Complaint does not, and cannot, state Equal Protection claims. ................... 15

     III.     Plaintiffs Have Not Alleged Fourteenth Amendment Due Process Claims,
       and Even If They Did, Binding Precedent Forecloses them. ............................... 16

CONCLUSION .................................................................................................................. 17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beach Forwarders, Inc. v. Serv. By Air, Inc.*,
No. 21 C 56, 2022 WL 117766 (N.D. Ill. Jan. 12, 2022) (Feinerman, J.) ................................6

*Conner v. Schwenn*,
821 F. App'x 633 (7th Cir. 2020) ........................................................................................16

*County of Riverside v. McLaughlin*,
500 U.S. 44 (1991)........................................................................................................8, 13

*Doe v. Sherriff of DuPage Cnty.*,
128 F.3d 586 (7th Cir. 1997) ..............................................................................................10

*Driver v. Marion Cnty. Sheriff*,
No. 1:14-cv-02076, 2016 WL 5946839 (S.D. Ind. Sept. 30, 2016), *rev'd*, 859
F.3d 489 (7th Cir. 2017) ....................................................................................................11

*Driver v. Marion County Sheriff*,
859 F.3d 489 (7th Cir. 2017) .......................................................................................11, 12

*Engquist v. Or. Dep't of Agric.*,
553 U.S. 591 (2008)...........................................................................................................15

*Fares Pawn, LLC v. Ind. Dep't. of Fin. Insts.*,
755 F.3d 839 (7th Cir. 2014) ..............................................................................................15

*First Midwest Bank Guar. of Est. of LaPorta v. City of Chicago*,
988 F.3d 978 (7th Cir. 2021) ................................................................................................7

*Friends of Trumbull v. Chi. Bd. of Educ.*,
123 F. Supp. 3d 990 (N.D. Ill. 2015) (Feinerman, J.)...........................................................6

*Gen. Star Nat'l Ins. v. Adams Valuation Corp.*,
69 F. Supp. 3d 742 (N.D. Ill. 2014) (Feinerman, J.)..............................................................6

*Gerstein v. Pugh*,
420 U.S. 103 (1975)..............................................................................................................8

*Graham v. Connor*,
490 U.S. 386 (1989)............................................................................................................16

*Heien v. North Carolina*,
    574 U.S. 54 (2014) .................................................................................................12

*Kinsale Ins. v. Last Coast Ent., LLC*,
    No. 19 C 5771, 2021 WL 1577797 (N.D. Ill. Apr. 22, 2021) (Feinerman, J.) .........6

*D.B. ex rel. Kurtis B. v. Kopp*,
    725 F.3d 681 (7th Cir. 2013) ................................................................................15

*Lewis v. City of Chicago*,
    914 F.3d 472 (7th Cir. 2019) ....................................................................8, 16, 17

*Manuel v. City of Joliet*,
    137 S. Ct. 911 (2017).............................................................................................8

*Mitchell v. Doherty*,
    37 F.4th 1277 (7th Cir. 2022) .......................................................................8, 9, 10

*Monell v. Department of Social Services*,
    436 U.S. 658 (1978)..............................................................................................7

*People v. Allibalogun*,
    727 N.E.2d 633 (Ill. App. Ct. 2000) ......................................................................10

*People v. Ballard*,
    206 Ill. 2d 151 (2002) ....................................................................................13, 14

*Portis v. City of Chicago*,
    613 F.3d 702 (7th Cir. 2010) ................................................................................13

*Swanigan v. City of Chicago*,
    775 F.3d 953 (7th Cir. 2015) ..................................................................................7

*Tobey v. Chibucos*,
    890 F.3d 634 (7th Cir. 2018) ................................................................................14

*United States v. Portes*,
    786 F.2d 758 (7th Cir. 1985) ..................................................................................7

*United States v. Salerno*,
    481 U.S. 739 (1987)............................................................................................7, 8

*Vill. of Willowbrook v. Olech*,
    528 U.S. 562 (2000)..............................................................................................15

*Vukadinovich v. Bartels*,
    853 F.2d 1387 (7th Cir. 1988) ..............................................................................16

*Williams v. Dart*,
   967 F.3d 625 (7th Cir. 2020) ...............................................................................11, 12, 16, 17

*Wragg v. Vill. of Thornton*,
   604 F.3d 464 (7th Cir. 2010) ...............................................................................................7

**Statutes**

725 ILCS 5/109-1(a) ..............................................................................................3, 13, 16

725 ILCS 5/109-1(b)(4) ..............................................................................................3, 13

725 ILCS 5/109-2(a) ..............................................................................................3, 13, 16

42 U.S.C. § 1983 ..........................................................................................................17

**Other Authorities**

Federal Rule of Civil Procedure 12(c) ...........................................................................6

U.S. Const. amend. IV ..................................................................................................8

U.S. Const. amend. VIII ................................................................................................8

Defendant, the City of Chicago ("City"), by its undersigned counsel, moves for judgment on the Amended Complaint ("Complaint"), (Dkt. 56, Am. Compl.), pursuant to Federal Rule of Civil Procedure 12(c). In support thereof, the City states:

## INTRODUCTION

Plaintiffs, a group of five individuals,[1] allege claims against the City under 42 U.S.C. § 1983, individually and on behalf of a putative class. (*See generally* Dkt. 56, Am. Compl.) They allege that their Fourth and Fourteenth Amendment rights were violated when the Chicago Police Department ("CPD") arrested them pursuant to valid arrest warrants, but did not allow them to post cash bonds at the police stations where they were initially detained. (*Id.* ¶¶ 9, 12, 15.) Plaintiffs claim their alleged constitutional injuries were caused by a CPD Special Order, which requires arrestees who are arrested on out-of-county warrants, and all warrants on weekends and Court Holidays, to be brought before a judge in bond court, even when the amount of bail is included on the warrant and they are able to post that amount. (*Id.*) The City admits that Plaintiffs were arrested on outstanding arrest warrants that were supported by probable cause, but denies that Plaintiffs' constitutional rights were violated. (*See* Dkt. 63, Ans. ¶ 12.)

Binding Circuit precedent forecloses Plaintiffs' Fourth Amendment claims. Specifically, the Seventh Circuit recently ruled that, as long as a neutral magistrate makes a probable cause determination within 48 hours after arrest, the Constitution does not require bail proceedings to occur within that same timeframe—or even within 68 hours. Plaintiffs were arrested on valid warrants, detained until they could be transported to bond court, and were presented to a judge.

---

[1] Since the filing of the Amended Complaint, six Plaintiffs voluntarily dismissed their claims: Maurice Grant, Chawan Lowe, James McGee, Myron Nelson, John Perry, and Duwayne Richardson. (Dkts. 91, 100.) Thus, only five of the Plaintiffs included in Complaint remain: Anthony Murdock ("Murdock"), Andrew Cruz ("Cruz"), Johonest Fischer ("Fischer"), Theresa Kennedy ("Kennedy"), and Brian Neals ("Neals").

CPD's Special Order is consistent with Illinois law and a Cook County Circuit Court general administrative order, which *require* individuals who are arrested on in-county and out-of-county warrants to appear before a judge, who then admits them to bail. Accordingly, the City complied with the Fourth Amendment, and Plaintiffs cannot allege otherwise.

Moreover, Plaintiffs' Fourteenth Amendment Equal Protection claims, and potential substantive due process claims—if even alleged[2]—are also foreclosed by Seventh Circuit precedent. Plaintiffs do not allege that they were discriminated against as members of a constitutionally-protected class, and they also cannot demonstrate that the City's actions were arbitrary or irrational. Their Equal Protection claims fail as a result. To the extent Plaintiffs articulated due process claims, the Seventh Circuit has consistently held that the Fourth Amendment, *not* the Fourteenth Amendment, governs claims for unlawful pretrial detention. Regardless, Plaintiffs cannot allege either violation. For the reasons discussed below, the Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND

### A.     CPD Special Order S06-12-02

Special Order S06-12-02 ("SO S06-12-02") outlines CPD's procedures for handling non-traffic arrest warrants. (Dkt. 63, Ans. ¶ 6.) Section IV of SO S06-12-02 defines the responsibilities of CPD personnel when an individual is arrested on a warrant. (*Id.*) Relevant here, Section IV(B)(3) provides:

> B.     The station supervisor will ensure that: . . .

---

[2] To date Plaintiffs have not alleged a substantive due process claim under the Fourteenth Amendment. However, in responding to the City's recent stay motion, Plaintiffs argued that they will demonstrate that the Fourteenth Amendment creates a protected liberty interest in posting bond. (*See* Dkt. 111, Pls.' Resp. to Mot. to Stay at 2-3, and n.3.)

3.      the following will be transported to Central Bond Court:[3]

(a) all persons arrested on a warrant outside of the First Municipal District[4] and no local charges,
(b) all persons arrested on a warrant issued from Criminal Trial Court and no local charges, and
(c) all persons arrested on all warrants on Saturday, Sunday, and Court Holidays.

(*Id.*; Dkt. 56, Am. Compl. Exs. 1-2.)

CPD SO S06-12-02 comports with the protections afforded to arrestees under the Illinois Code of Criminal Procedure ("Criminal Code") for arrests made on in-county and out-of-county warrants. Section 5/109-1 of the Criminal Code states that "[a] person arrested with or without a warrant shall be taken without unnecessary delay before the nearest and most accessible judge in that county . . . ." 725 ILCS 5/109-1(a). Section 5/109-2 similarly requires arrestees to be brought before a judge without unnecessary delay when they "are arrested in a county other than the one in which a warrant for their arrest was issued[.]" 725 ILCS 5/109-2(a). For out-of-county warrant arrests, a judge may hold a hearing "to determine if the defendant is the same person as named in the warrant." *Id.* Under both sections of the Criminal Code, the judge "shall" admit the arrestee to bail. *See* 725 ILCS 5/109-1(b)(4); 725 ILCS 5/109-2(a).

Plaintiffs claim that their Fourth and Fourteenth Amendment rights were violated when CPD allegedly prevented them from posting the cash bonds set forth on their warrants at the police stations where they were detained in accordance with SO S06-12-02. (Dkt. 56, Am. Compl. ¶ 12.) Namely, Plaintiffs allege that they were unreasonably detained because they claim they could pay the bond, but were kept in custody until being transported to bond court, where they were presented

---

[3] Central Bond Court is located at the George N. Leighton Criminal Court Building, 2600 South California Avenue, Chicago, Illinois. (Dkt. 56, Am. Compl. ¶ 7.)
[4] The "First Municipal District" consists of courts of the Circuit Court of Cook County that are located within the City of Chicago. (Dkt. 56, Am. Compl. ¶ 8.)

to a judge and eventually bonded out for the amounts listed on the warrants. (*Id.* ¶¶ 9, 15.) Plaintiffs do not challenge the validity of the arrest warrants, and do not challenge their detentions while CPD conducted warrant checks. (*See id.* ¶ 17.)

The City denies Plaintiffs' constitutional rights were violated. (Dkt. 63, Ans. ¶¶ 12, 20, 23, 28, 33, 43, 63.) The City asserts that SO S06-12-02's bond procedures were mandated by Illinois law, Illinois Supreme Court Rules, and orders promulgated by the Circuit Court of Cook County, (*id.*, Aff. Def. No. 3), and thus foreclosed by Seventh Circuit precedent as their detentions were not for unreasonable amounts of time.

The alleged circumstances of Plaintiffs' arrests are set forth below.

### B.    Anthony Murdock

At 3:15 a.m. on Saturday, September 29, 2018, Murdock was stopped by CPD officers for a traffic offense. (Dkt. 63, Ans. ¶ 17.) After Murdock provided the officers with his driver's license, they performed a warrant search, and discovered that Murdock had an outstanding arrest warrant issued by the DuPage County Circuit Court for failing to appear in court in a traffic case. (*Id.* ¶¶ 17-18.) The DuPage County judge issued a warrant for Murdock's arrest, and set his bond at $3,000. (*Id.* ¶ 18.) Murdock alleges he could be released after posting 10% of that amount. (*Id.*)

Murdock was arrested and taken to Chicago's 15th District Police Station, where police officers verified his DuPage County warrant. (*Id.* ¶ 19.) He appeared before a judge in bond court on September 29, 2018—the day of his arrest—where he posted the bond that was set forth on his arrest warrant, and was released from custody at approximately 1:00 p.m. (*Id.* ¶ 21.) Thus, Murdock was in custody less than 10 hours.

### C.    Andrew Cruz

CPD officers stopped Cruz at 7:30 p.m. on Tuesday, June 18, 2019. (Dkt. 63, Ans. ¶ 22.) The officers determined that Cruz had an outstanding arrest warrant; he was arrested and taken to

the police station that same evening. (*Id.* ¶¶ 23-24.) Cruz was transported to bond court on Wednesday, June 19, 2018, where he was transferred to the custody of the Cook County Sheriff's Office ("Sheriff"), who presented Cruz to a judge. (Dkt. 56, Am. Compl. ¶¶ 25-26.) After posting the cash bond, Cruz was released later that day. (*Id.* ¶ 26.)

### D. Johonest Fischer

At 2:02 p.m. on Monday, September 10, 2018, Fischer was stopped by CPD officers. (Dkt. 63, Ans. ¶ 32.) Officers conducted a name check and discovered that Fischer had an outstanding arrest warrant. (*Id.* ¶ 33.) After being arrested, Fischer was transported to the police station. (*Id.* ¶ 34.) Fischer was then was taken to bond court on September 11, 2018, where he was transferred to the custody of the Sheriff. (Dkt. 56, Am. Compl. ¶¶ 29-31.) Fischer posted the cash bond set forth on the warrant, and was released later that day. (*Id.* ¶ 31.)

Fischer was arrested a second time, after being stopped by CPD officers at 11:54 p.m. on Friday, March 1, 2019. (Dkt. 63, Ans. ¶ 27.) Officers arrested Fischer upon determining he had an outstanding arrest warrant. (*Id.* ¶¶ 28-29.) CPD transported Fischer to bond court on March 2, 2019, where he was transferred to the custody of the Sheriff, who presented him to a judge in bond court. (Dkt. 56, Am. Compl. ¶¶ 29-31.) Fischer posted bond, and was released later that day. (*Id.* ¶ 31.)

### E. Theresa Kennedy

At 9:40 p.m. on Saturday, April 27, 2019, CPD officers stopped Kennedy. (Dkt. 63, Ans. ¶ 42.) The officers determined that she had an outstanding warrant for her arrest, arrested her, and brought her to the police station. (*Id.* ¶¶ 43-44.) On Sunday, April 28, 2019, Kennedy was transferred to the custody of the Sheriff, and taken before a judge at bond court, where she was permitted to post the cash bond as indicated on her outstanding warrant. (Dkt. 56, Am. Compl. ¶¶ 45-46.) She was released from custody later that same day. (*Id.* ¶ 46.)

### F.    Brian Neals

At 9:42 a.m. on Sunday, July 21, 2019, Neals was stopped by CPD officers. (Dkt. 63, Ans. ¶ 62.) Officers discovered Neals had an outstanding arrest warrant. (*Id.* ¶ 63.)  Neals was arrested and transported to the police station. (*Id.* ¶ 64.) On July 22, 2019, Neals was transferred to the custody of the Sheriff, and appeared before a judge in bond court that same day. (Dkt. 56, Am. Compl. ¶¶ 65-66.) Neals posted bond, and was released thereafter. (*Id.* ¶ 66.)

## LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Gen. Star Nat'l Ins. v. Adams Valuation Corp.*, 69 F. Supp. 3d 742, 745 (N.D. Ill. 2014) (Feinerman, J.). A Rule 12(c) motion should be granted where the non-movant cannot prove facts sufficient to support its claims, and the movant is entitled to relief. *Beach Forwarders, Inc. v. Serv. By Air, Inc.*, No. 21 C 56, 2022 WL 117766, at *2 (N.D. Ill. Jan. 12, 2022) (Feinerman, J.). The Court may only consider "the complaint, the answer, and any written instruments attached as exhibits," *Kinsale Ins. v. Last Coast Ent., LLC*, No. 19 C 5771, 2021 WL 1577797, at *1 (N.D. Ill. Apr. 22, 2021) (Feinerman, J.), as well as information that is subject to proper judicial notice. *Beach Forwarders*, 2022 WL 117766, at *2.  A Rule 12(c) motion assumes the truth of the operative complaint's well-pleaded factual allegations, but not its legal conclusions. *Friends of Trumbull v. Chi. Bd. of Educ.*, 123 F. Supp. 3d 990, 992-93 (N.D. Ill. 2015) (Feinerman, J.). The facts are considered in the light most favorable to the non-movant. *Kinsale Ins.*, 2021 WL 1577797, at *1.

## ARGUMENT

The City is entitled to judgment on the pleadings on Plaintiffs' Section 1983 claims because they have not alleged, nor can they demonstrate, an underlying constitutional violation. Although their claims are not styled as such, Plaintiffs presumably seek to hold the City liable in accordance with *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Under *Monell*, a municipality "may be found liable under § 1983 when it violates constitutional rights via an official policy or custom." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010).

To show the existence of an official policy or custom, "a plaintiff must show that [her] constitutional injury was caused 'by (1) the enforcement of an express policy of the [municipal entity], (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority.'" *Id.* (quoting *Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir. 2001)). However, without an underlying constitutional violation, a municipality cannot be held liable under Section 1983. *See, e.g*, *First Midwest Bank Guar. of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021); *Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015).

In this case, Plaintiffs claim that their constitutional rights were violated because of an express City policy, specifically, SO S06-12-02. (*See* Dkt. 56, Am. Compl. ¶¶ 5, 9, 12.) Plaintiffs challenge the Special Order because it allegedly violates "the Fourth and Fourteenth Amendments because it results in an unreasonable duration of post-arrest detention and imposes an invidious and irrational discrimination." (*Id.* ¶ 12.) However, Plaintiffs failed to allege an underlying constitutional violation, and the Court should enter judgment on the pleadings.

## I. The Complaint Does not Allege a Viable Fourth Amendment Claim.

There is no absolute right to bail under the Constitution. *See United States v. Salerno*, 481 U.S. 739, 752-53 (1987); *United States v. Portes*, 786 F.2d 758, 766 (7th Cir. 1985) (no recognition

of right to bail as a "basic human right" subject to constitutional protection). The Constitution prohibits "excessive bail," U.S. Const. amend. VIII, but "says nothing about whether bail shall be available at all," *Salerno*, 481 U.S. at 752, or about the timing of bail determinations.

The Fourth Amendment does not address bail. In relevant part, it guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . and no Warrants shall issue, but upon probable cause . . ." U.S. Const. amend. IV. The Fourth Amendment establishes the procedure for issuing warrants, which sets forth a key protection against "rash and unreasonable interferences with privacy and from unfounded charges of crime," *Gerstein v. Pugh*, 420 U.S. 103, 112 (1975), but does not mention bail hearings. Following the U.S. Supreme Court's decision in *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017), the Seventh Circuit has determined that Section 1983 claims for wrongful pretrial detention sound in the Fourth Amendment. *Lewis v. City of Chicago*, 914 F.3d 472, 749 (7th Cir. 2019). Plaintiffs cannot demonstrate a Fourth Amendment violation, so the Complaint should be dismissed.

A. **The Seventh Circuit's decision in *Mitchell* held that presenting arrestees to a judge for bond proceedings up to and including 68 hours after arrest was constitutional.**

On June 22, 2022, the Seventh Circuit issued its decision in *Mitchell v. Doherty*, 37 F.4th 1277 (7th Cir. 2022), which dooms Plaintiffs' Fourth Amendment claims. The *Mitchell* plaintiffs were arrested by police officers upon probable cause and remained in custody for between 48 and 68 hours before receiving a bail hearing. *Id.* at 1278. The Illinois county where they were arrested did not hold bail hearings on weekends, and all plaintiffs were arrested on a Friday or a Saturday, so the earliest they could be presented to a judge was on Monday afternoon. *Id.* Although they were not able to receive a bail hearing before then, a judge made *ex parte* probable cause determinations within 48 hours after the plaintiffs' arrests, as required by *Gerstein v. Pugh*, 420 U.S. 103 (1975), and *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). *Id.* at 1279. After

appearing before a judge, the plaintiffs were released either on their own recognizance or on bond. *Id.* at 1278.

The *Mitchell* plaintiffs filed suit under Section 1983, arguing the defendants violated the Fourth Amendment "by denying them a bail hearing within forty-eight hours after detention even though a probable-cause determination had been made within that period"; they also moved to certify a class for all similarly-situated individuals. *Id.* at 1279. The plaintiffs further alleged that, because of the detention, they suffered significant injuries that included missing work, losing employment, and being denied medical attention. *Id.* at 1278. The defendants moved to dismiss for failure to state a claim under Rule 12(b)(6), which the district court (Lee, J.) granted. *Id.* at 1279. The plaintiffs appealed. *Id.*

After acknowledging that "[t]he constitutionally required timing of a bail hearing is an issue of first impression," *id.* at 1282, the Seventh Circuit affirmed. In so holding, the court reviewed U.S. Supreme Court and Seventh Circuit precedent, and ultimately determined that neither had previously ruled that the Fourth Amendment requires bail proceedings to occur within 48 hours after arrest. *Id.* at 1279-81. Rather, those cases only addressed the need to make a probable cause determination within 48 hours. *Id.*

In the absence of controlling precedent, the court then assessed the Fourth Amendment's applicability to bail proceedings, if any, based on "the traditional interpretive tools: text, history, tradition, and guidance from caselaw." *Id.* at 1286. However, none of those sources led the court to believe that bail proceedings must occur within 48 hours, or even 68. *Id.* at 1286-89. The Seventh Circuit concluded the "Fourth Amendment does not require a bail hearing within forty-eight hours after arrest . . . [and] that bail hearings held within sixty-eight hours . . . are constitutional under the Fourth Amendment." *Id.* at 1289.

**B.**   **Plaintiffs, all of whom were arrested on valid warrants, were presented to a judge in bond court well within 68 hours, and cannot demonstrate a constitutional violation.**

*Mitchell* forecloses Plaintiffs' alleged Fourth Amendment claims. In this case, like *Mitchell*, Plaintiffs were all arrested based on probable cause. The *Mitchell* plaintiffs were arrested without warrants. *Mitchell*, 37 F.4th at 1278. Plaintiffs here were all arrested pursuant to valid warrants that were issued by state court judges, and therefore they were also arrested based on probable cause. Courts routinely issue warrants "when an accused person or a subpoenaed witness fails to appear in court," and such warrants "are clearly valid and based on probable cause." *People v. Allibalogun*, 727 N.E.2d 633, 636 (Ill. App. Ct. 2000); *see Doe v. Sheriff of DuPage Cnty.*, 128 F.3d 586, 588 (7th Cir. 1997) ("The bench warrant provided probable cause for [the plaintiff's] arrest, and that in turn legitimized her detention . . . It follows then that the 'booking' of an arrestee, which for one thing confirms the person's identity, does not violate the Fourth Amendment. This rule applies even when the arrest is for a minor matter, and even if the arrestee is ready and able to post bail immediately.") (citations omitted).

After Plaintiffs were arrested, they were transported to police stations where their outstanding warrants were verified, just like the *Mitchell* plaintiffs, who were detained and received an *ex parte* probable cause determination within 48 hours. Tellingly, Plaintiffs do not challenge the validity of their warrants. Moreover, as was the case in *Mitchell*, Plaintiffs appeared in bond court as soon as practicable, after which point they were promptly processed for release.

In fact, Plaintiffs were all presented to a judge in bond court either the same day that they were arrested, like Murdock, or the very next day, like Cruz, Fischer, Kennedy, and Neals. As alleged in the Complaint, Neals was detained for the longest period of time, from approximately 9:42 a.m. on Sunday, July 21, 2019, until some unspecified time the next day. (*See* Dkt. 56, Am. Compl. ¶¶ 62, 66.) Construing the Complaint in a light most favorable to Plaintiffs, one could

assume Neals was released at 11:59 p.m. on Monday, July 22, 2019, so he was detained for, at most, a total of 38 hours. As the Seventh Circuit ruled in *Mitchell*, however, so long as Plaintiffs' arrests were supported by probable cause, the Constitution does not require them to be presented to a judge for bail proceedings within 68 hours after arrest. For these reasons, Plaintiffs cannot demonstrate an underlying violation of their Fourth Amendment rights.

In opposing the City's Motion to Stay Discovery and Class Certification Proceedings, Plaintiffs suggested that prior Seventh Circuit precedent established a "constitutional liberty interest in release on bail." (*See* Dkt. 111, Pls.' Resp. to Mot. to Stay at 2-3.) But the Seventh Circuit decisions Plaintiffs cite in support of that notion, *Driver v. Marion County Sheriff*, 859 F.3d 489 (7th Cir. 2017), and *Williams v. Dart*, 967 F.3d 625 (7th Cir. 2020), do not support their claims. In *Driver*, for example, the plaintiffs appeared before a judge who set bond, the plaintiffs posted their bonds, and should have been released immediately afterwards, but were kept in police custody for days despite already posting bond. *See Driver v. Marion Cnty. Sheriff*, No. 1:14-cv-02076, 2016 WL 5946839, at *1-2 (S.D. Ind. Sept. 30, 2016), *rev'd*, 859 F.3d 489 (7th Cir. 2017). In finding that the district court erred by denying class certification for certain sub-classes, the court noted that the proposed class was composed of persons "for whom legal authority for detention ha[d] ceased, whether by acquittal after trial, release on recognizance bond, completion of jail time in the sentence, or otherwise." *Driver*, 859 F.3d at 491.

Likewise, the *Williams* plaintiffs claimed their Fourth Amendment rights were violated when they were held in the sheriff's custody for up to two weeks after trial court judges ordered their release subject to supervised electronic monitoring. 967 F.3d at 629-30. The Seventh Circuit determined that the plaintiffs stated viable Fourth Amendment claims because they alleged that

the defendant continued to hold individuals who posted bond "without purpose or plan for their release . . . ." *Id.* at 632.

In contrast to *Driver* and *Williams*, a court did not order Plaintiffs' release. Plaintiffs also do not allege that they were unreasonably detained after they appeared before a bond court judge. Unlike *Driver*, the "legal authority for detention" had not yet ceased for Plaintiffs because their bonds had not been posted. And unlike *Williams*, each Plaintiff here alleges that they were taken to bond court the day after their arrest (at the absolute latest), and thus cannot demonstrate that the City unreasonably detained them "without purpose or plan for their release." 967 F.3d at 632. The cases Plaintiffs offer are inapposite. Plaintiffs here were brought before the bond court, consistent with 725 ILCS 5/109-1(a), 5/109-2(a), and GAO 2015-06, (*see* § C, *infra*), and permitted to post bond thereafter. The City did not detain Plaintiffs following their posting of bond at the bond court.

Based on *Mitchell*, Plaintiffs cannot demonstrate that the City violated their Fourth Amendment rights. Their Section 1983 claims cannot proceed on this basis because Plaintiffs' arrests were supported by probable cause and they were all taken to bond court well before 68 hours after arrest. Therefore, the Complaint should be dismissed on the pleadings.

### C. Plaintiffs' alleged Fourth Amendment claims also fail because Illinois law required CPD to present them to a judge in bond court.

Plaintiffs' Fourth Amendment claims fail for another independent reason; they cannot demonstrate that the City unreasonably detained them. As the U.S. Supreme Court has often repeated, "'the ultimate touchstone of the Fourth Amendment is reasonableness.'" *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (quoting *Riley v. California*, 573 U.S. 373, 382 (2014)) (some internal quotation marks omitted). The "demands of federalism" must afford states flexibility in managing their "intricate system[s]" of criminal procedure, such that the Constitution does not impose a "rigid procedural framework," but instead allows them to comply with the Constitution

in different ways. *McLaughlin*, 500 U.S. at 53 (quoting *Gerstein*, 420 U.S. at 119-23). To this end, the Seventh Circuit has held that imposing time limits between when an individual is arrested and later released on bond is a matter of state law, and the "fourth amendment does not create remedies for violations of state or local law." *Portis v. City of Chicago*, 613 F.3d 702, 705 (7th Cir. 2010).

Here, Plaintiffs' Fourth Amendment challenge to SO S06-12-02 seeks to impose duties and obligations on the City and CPD that exceed what the Constitution requires and for which there is no constitutional remedy. Under the Illinois Criminal Code, all individuals arrested on warrants, whether in-county or out-of-county, are *required* to be brought before a judge following their arrests.

In relevant part, Section 5/109-1 of the Criminal Code states that "[a] person arrested with or without a warrant *shall* be taken without unnecessary delay before the nearest and most accessible judge in that county . . . ." 725 ILCS 5/109-1(a) (emphasis added). Likewise, Section 5/109-2 sets forth the same court-appearance requirement for out-of-county warrant arrests. 725 ILCS 5/109-2(a) ("Any person arrested in a county other than the one in which a warrant for his arrest was issued *shall* be taken without unnecessary delay before the nearest and most accessible judge in the county where the arrest was made . . . ." (emphasis added)). And both sections of the Criminal Code provide that the judge—*not* CPD—"shall" admit the arrestee to bail. *See* 725 ILCS 5/109-1(b)(4); 725 ILCS 5/109-2(a). Plaintiffs' appearances before a judge in bond court were dictated by the Criminal Code.

Illinois Supreme Court precedent interpreting Sections 5/109-1 and 5/109-2 also demonstrates that Plaintiffs were presented to a bond court judge "without unnecessary delay." In *People v. Ballard*, 206 Ill. 2d 151 (2002), the court stated that law enforcement agencies must be afforded "some latitude" when satisfying the "unnecessary delay" standard, and also noted that

"Illinois decisions suggest a delay of 24 to 36 hours prior to presentment is usually not considered to be unnecessary." *Id.* at 177-78 (collecting cases and concluding that "[p]resentment to a judge need be performed only with such reasonable promptness as the circumstances permit."). Plaintiffs appeared before a judge either the same day that they were arrested, or the very next day. Plaintiffs cannot demonstrate that they were unreasonably detained.

Moreover, on June 17, 2015, the Honorable Timothy C. Evans, Chief Judge of the Circuit Court of Cook County, promulgated General Administrative Order No. 2015-06 ("GAO 2015-06"), which sets forth "Procedures for Arrests on Illinois Intrastate Warrants Issued Outside of Cook County."[5] In relevant part, GAO 2015-06 states that persons arrested within Cook County "on an arrest warrant issued by an Illinois state court outside of Cook County *shall be required to appear in bond court* in the appropriate district or division of this court." (Ex. A, GAO 2015-16 (emphasis added).) In addition to the Criminal Code providing for the presentation of Plaintiffs to bond court, the City was also obligated to present Plaintiffs to bond court on their out-of-county warrants, consistent with GAO 2015-06.

Plaintiffs ignore the Criminal Code and GAO 2015-06 by proposing that they forego the bond court appearances. This runs counter to the Supreme Court's proclamation in *Gerstein*, reaffirmed in *McLaughlin*, that the Fourth Amendment must permit "flexibility and experimentation to the States" when managing their unique criminal pretrial procedures. Even assuming *arguendo* that Plaintiffs could pay the bonds on their arrest warrants, the City's

---

[5] A true and accurate copy of GA0 2015-06 is attached hereto as **Exhibit A**, and may also be found on the Circuit Court of Cook County's website at https://www.cookcountycourt.org/Manage/Division-Orders/View-Division-Order/ArticleId/2408/GENERAL-ADMINISTRATIVE-ORDER-NO-2015-06-PROCEDURES-FOR-ARRESTS-ON-ILLINOIS-INTRASTATE-WARRANTS-ISSUED-OUTSIDE-OF-COOK-COUNTY. The Court may take judicial notice of GAO 2015-06 when ruling on a motion for judgment on the pleadings. *See Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (court orders are subject to judicial notice).

14

adherence to the law was not unreasonable. For this additional reason, Plaintiffs' Fourth Amendment claims fails.

## II. The Complaint does not, and cannot, state Equal Protection claims.

Plaintiffs also have not alleged viable Section 1983 claims based on the City's purported "invidious and irrational discrimination" in violation of the Fourteenth Amendment's Equal Protection Clause. (*See* Dkt. 56, Am. Compl. ¶ 12.) The Equal Protection Clause of the Fourteenth Amendment prohibits state action that: (1) discriminates on the basis of membership in a protected class; or (2) irrationally targets an individual for discriminatory treatment as a so-called "class of one." *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Here, the Complaint is silent as to Plaintiffs' membership in any protected class. Moreover, S06-12-02 is a neutral policy that applies to persons of all races, sexes, genders, and other protected classes. The only "discrimination" alleged in the Complaint arises amongst arrestees who are arrested on out-of-county warrants or all warrants on weekends and Court Holidays, and those "arrested on a weekday that is not a court holiday on a warrant issued in Chicago[.]" (*See* Dkt. 56, Am. Compl. ¶ 12.) However, when and where someone is arrested on a valid warrant does not implicate membership in a protected class.

Even under a liberal reading of the Complaint, Plaintiffs have not attempted to plead class-of-one claims, and they could not articulate such a claim. To bring a class-of-one claim, a plaintiff must allege "(1) that [she] has been intentionally treated differently from others similarly situated, and (2) that there is no rational basis for the difference in treatment." *Fares Pawn, LLC v. Ind. Dep't. of Fin. Insts.*, 755 F.3d 839, 845 (7th Cir. 2014) (citing *Olech*, 528 U.S. at 564). For the second criterion, the Court asks whether "a conceivable rational basis for the difference in treatment" exists. *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013).

SO S06-12-02's alleged distinction satisfies rational-basis review. State law and GAO 2015-06 provide for an individual's appearance before a judge when they are arrested on an in-county or out-of-county warrant. *See* 725 ILCS 5/109-1(a); 725 ILCS 5/109-2(a); (Ex. A, GAO 2015-06); *see also Williams*, 967 F.3d at 634 ("magistrates, not peace officers, under duty to bail" (citing 4 William Blackstone, *Commentaries* at 297)). Courts in the City do not always hold regular bond hearings on weekends and holidays, so presenting an arrestee to a judge when the court is open is perfectly rational, and required by law.

Finally, because the U.S. Supreme Court has instructed plaintiffs to seek relief under the constitutional amendment that most directly addresses their concerns, *Graham v. Connor*, 490 U.S. 386, 395 (1989), and because that provision—the Fourth Amendment—does not provide relief, their Equal Protection claims must fail. *See Vukadinovich v. Bartels*, 853 F.2d 1387, 1391-92 (7th Cir. 1988) (Equal Protection claim was properly dismissed where it constituted "a mere rewording of plaintiff's First Amendment-retaliation claim"); *Conner v. Schwenn*, 821 F. App'x 633, 636 (7th Cir. 2020) (same). For these reasons, Plaintiffs' Equal Protection claims should be dismissed.

## III. Plaintiffs Have Not Alleged Fourteenth Amendment Due Process Claims, and Even If They Did, Binding Precedent Forecloses them.

Although the Complaint fails to remotely allege substantive due process claims, Plaintiffs apparently intend to assert them. (*See* Dkt. 111, Pls.' Resp. to Mot. to Stay at 2-3, and n.3.) However, Seventh Circuit precedent forecloses such a claim.[6]

---

[6] As the Court acknowledged in its July 24, 2020 Minute Order denying the City's Rule 12(b)(6) motion to dismiss, the alleged constitutional violation raised in Plaintiffs' pleadings is the Fourth Amendment. (Dkt. 25, Minute Order.) Plaintiffs also tacitly acknowledged this fact when responding to the City's dismissal motion. (*See* Dkt. 19, Pl.'s Mem. at 5 ("As the Seventh Circuit held in *Lewis v. City of Chicago*, 914 F.3d 472 (7th Cir. 2019), '*Manuel I* makes clear that the Fourth Amendment, not the Due Process Clause, governs a claim for wrongful pretrial detention.'").)

In *Lewis v. City of Chicago*, 914 F.3d 472 (7th Cir. 2019), the Seventh Circuit took care to distinguish between Fourth Amendment unlawful pretrial detention claims, and unlawful detention claims based on due process under the Fourteenth Amendment. The court noted that it had previously determined that all Section 1983 claims for wrongful pretrial detention, whether based on fabricated evidence or some other defect, sound in the Fourth Amendment. *Lewis*, 914 F. 3d at 479. "In other words, the Fourth Amendment, *not the Due Process Clause*, is the source of the right in a § 1983 claim for unlawful pretrial detention, whether before or after the initiation of formal legal process." *Id.* (emphasis added); *see Williams*, 976 F.3d at 637 ("the Fourth Amendment applies to plaintiffs' wrongful pretrial detention claims, so there is no need to resort to the 'more generalized notion' of substantive due process." (quoting *Graham*, 490 U.S. at 395)).

Because Plaintiffs' claims all arise under the Fourth Amendment, the Fourteenth Amendment's Due Process Clause does not apply. To the extent Plaintiffs attempt to assert unlawful pretrial detention claims under the Fourteenth Amendment based on their alleged prevention from posting bond at the police station, those claims should be dismissed with prejudice.

## CONCLUSION

For these reasons, the City respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(c), and grant such other and further relief as the Court deems necessary and just.

Dated: July 19, 2022                              Respectfully submitted,

CITY OF CHICAGO

*/s/ Allan T. Slagel*
***Special Assistant Corporation Counsel***
Allan T. Slagel aslagel@taftlaw.com
Elizabeth E. Babbitt ebabbitt@taftlaw.com
Adam W. Decker adecker@taftlaw.com

Elizabeth A. Winkowski ewinkowski@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000

***Assistant Corporation Counsel***
Raoul Mowatt raoul.mowatt@cityofchicago.org
CITY OF CHICAGO DEPARTMENT OF LAW
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-3283

74151381v8