# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Theresa Kennedy, individually and for others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>City of Chicago,<br><br>*Defendant.* | Case No. 20-cv-1440<br><br>Hon. Thomas M. Durkin |

**CITY OF CHICAGO'S SUR-REPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO ADD PLAINTIFFS
AND TO FILE AMENDMENT TO AMENDED COMPLAINT**

Defendant the City of Chicago (the "City") addresses in this sur-reply two new arguments raised by Plaintiff Theresa Kennedy ("Plaintiff") in support of her Motion for Leave to Add Plaintiffs and to File Amendment to Amended Complaint (the "Motion for Leave to Amend" or the "Motion"). First, Plaintiff contends for the first time that her Motion should be construed as one for intervention, despite arguing in her initial brief that the Motion was "timely" and citing to Federal Rule of Civil Procedure 15. Second, Plaintiff asserts that she diligently sought leave to amend as soon as she learned the City would seek summary judgment on February 10, 2023, despite previously arguing that the turning point or "sea change" in this case came months earlier. For the reasons set forth herein, and in the City's response, this Court should reject Plaintiff's shifting arguments and deny the Motion.

**ARGUMENT**

A. **This Court should apply Rule 16(b)(4) and reject Plaintiff's new argument that her Motion for Leave to Amend should be construed as a motion to intervene.**

For the first time in her reply, Plaintiff argues that her Motion for Leave to Amend should

be construed as a motion to intervene, asserting that "the time limits of a Rule 16 scheduling order" are inapplicable, and that "Rule 15 is not a good fit" for "substituting" a named plaintiff. (Dkt. 153 ("Reply") at 4-7.) Plaintiff's position is contrary to that taken in her initial brief, where she argued that a motion to add parties should be analyzed under Rule 15 and repeatedly asserted that her motion was "timely." (Dkt. 149 ("Mem.") at 2 n.1.) By taking this position, Plaintiff implicitly concedes that she cannot satisfy the timeliness requirement of Rule 15 or the good cause standard of Rule 16. Plaintiff now maintains that her Motion for Leave to Amend should be construed as a motion for intervention, a mischaracterization that should be rejected. Indeed, *In re Allstate Corp. Securities Litigation*, which Plaintiff relies upon, analyzed a motion for leave to amend in a class action case as "an ordinary pleading amendment governed by [Rule] 15." 966 F.3d 595, 616 (7th Cir. 2020). This Court should not permit Plaintiff to change the basis for her Motion now.

      Plaintiff's intervention argument should be rejected in any event. Plaintiff argues that the Seventh Circuit has never specifically applied Rule 16(b)(4) to a motion to add a named plaintiff in a putative class action. (Reply at 4.) But as this Court has observed, "[t]he Seventh Circuit has held that Rule 16's good cause standard applies to a motion to amend when a court has set a deadline for amendment," as is the case here. *See Black v. First Impression Interactive, Inc.*, No. 21 C 3745, 2023 WL 1970257, at *1 (N.D. Ill. Feb. 13, 2023) (Durkin, J.). Moreover, in *MAO-MSO Recovery II, LLC v. State Farm Mutual Automobile Insurance Co.*—a putative class action brought by corporate entities assigned the rights to recover reimbursement for Medicare payments——the Seventh Circuit held that plaintiffs had failed to demonstrate good cause under Rule 16(b)(4) to file an amended complaint adding additional Medicare beneficiaries that the defendant failed to pay or reimburse. 994 F.3d 869, 878 (7th Cir. 2021) (concluding that plaintiff's six-month delay in seeking leave to amend "does not reflect the level of diligence necessary to

establish good cause"). *MAO-MSO*, along with the other authorities cited in the City's response, demonstrates that there is no reason to disregard Rule 16(b)(4) because a case is a class action.

Plaintiff cites this Court's decision in *Giannopoulos v. Iberia Lineas Aereas de Espana, S.A.*, No. 11 C 775, 2014 WL 2219143 (N.D. Ill. May 29, 2014) (Durkin, J.) for the proposition that a motion to add or substitute named plaintiffs should be treated as one to intervene. (Reply at 4-5.) That case, however, involved a motion to reopen discovery to find substitute class representatives after the original named plaintiffs had either settled or had lost on the merits. *See Giannopoulos*, at *1. This Court explained that even after named plaintiffs have been dismissed, a district court retains jurisdiction to entertain a motion to intervene in a class action so that surrogates may step forward to replace a named plaintiff. *Id.* at *2. But the question of the court's jurisdiction to entertain a motion to intervene is separate from the issue at hand here—whether there is good cause to allow leave to amend two years after the expiration of the April 26, 2021 amendment deadline. *Giannopoulos* does not hold that "intervention" is allowed at any point in a class action, such that the deadlines set forth in a Rule 16 scheduling order can be disregarded.

The other cases on which Plaintiff relies similarly do not establish that an "intervention" standard with no time limit supersedes Rule 16. Significantly, none of the cases cite Rule 16 or mention the existence of a scheduling order. *Mullen v. GLV, Inc.*, 37 F.4th 1326 (7th Cir. 2022), for example, does not refer to a substitution "procedure." (Reply at 5.) It merely mentions that the court invited plaintiff to find a substitute because she could not adequately represent the class as to a particular claim, but plaintiff never did so. *Mullen*, 37 F.4th at 1328.

Even if this Court were to construe Plaintiff's Motion as one to intervene, the Motion should be denied. Like the standard for leave to amend under Rule 15(a)(2)—which takes into account undue delay and prejudice—a motion for leave to intervene requires the court to consider

3

"whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *Lavender v. Driveline Retail Merch., Inc.*, No. 3:18-CV-2097, 2019 WL 4237848, at *3 n.1 (C.D. Ill. Sept. 6, 2019) (noting, in case where defendants' Rule 16 argument was forfeited, that Rule 15(a)(2) and intervention standards are "the same"). The standard for intervention cannot be met here because, for all the reasons stated in the City's response, Plaintiff's two-year delay in seeking to add new plaintiffs is unreasonable and unfairly prejudicial to the City, and would result in substantial additional time, expense, and delay in defending against the claims of additional plaintiffs.[1] As the Seventh Circuit stated in *Randall v. Rolls-Royce Corp.*, also cited by Plaintiff, "[i]ntervention shouldn't be allowed just to give class action lawyers multiple bites at the certification apple," even where an inappropriate candidate has been chosen as a class representative. 637 F.3d 818, 827 (7th Cir. 2011). In sum, this action remains subject to a scheduling order that should not be disregarded for the "intervention" standard that Plaintiff now proposes. But even if the Motion were analyzed as such, it should still be denied.

**B.** **Plaintiff's new argument that she diligently sought leave to amend from February 10, 2023 onward is contrary to her prior argument and should be rejected.**

Though Plaintiff never addressed the "good cause" standard of Rule 16(b)(4) in her initial brief, she now argues that good cause is shown here because she was diligent in seeking leave to amend after learning on February 10, 2023 that the City intended to move for summary judgment. As an initial matter, Plaintiff knew much earlier that the City intended to move for summary judgment. (*See, e.g.*, Dkt. 138, Dec. 8 , 2022 Status Rpt. at 7.) Moreover, in her Motion, Plaintiff

---

[1] Plaintiff's claim that intervention is appropriate because the claims of the proposed additional plaintiffs did not accrue until June and November of 2022 strains credulity. (*See* Reply at 6.) As set forth in the City's response, the City has produced extensive documents from which other plaintiffs could have been identified, including a spreadsheet with more than 400,000 rows of data including arrestees' names, bond types and amounts, and other pertinent information produced on September 30, 2021. (*See* Dkt. 152 ("Resp.") at 4.)

4

asserted that the "sea-change" in this case came on December 1, 2022, when this Court granted in part the City's motion for judgment on the pleadings and concluded that Circuit Court of Cook County General Administrative Order 2015-06 ("GAO 2015-06") substantially limited the scope of the putative class. (*See* Mem. at 4-7.)

Plaintiff's diligence in seeking to add plaintiffs whose claims are unaffected by GAO 2015-06 should not be measured from the newly proposed date of February 10, 2023. Plaintiff was on notice that the City relied on GAO 2015-06 in promulgating the special order challenged in this lawsuit as early as August 7, 2020—when the City asserted in its answer that S06-12-02 was mandated by orders of the Circuit Court of Cook County—and no later than December 10, 2021—when the City expressly stated in response to Plaintiff's request to admit that S06-12-02 was promulgated to comply with GAO 2015-06. (*See* Resp. at 10.) Because this is the timeframe from which diligence should be measured, the cases relied upon by Plaintiff in her reply brief where a party satisfied the good cause requirement are distinguishable. *See Fair Hous. Ctr. of Cent. Ind., Inc. v. Rainbow Realty Grp., Inc.*, No. 117CV01782RLMTAB, 2019 WL 13083142, at *1 (S.D. Ind. Mar. 8, 2019) (plaintiffs sought to add additional defendants only two months after learning of new claims); *Bates v. Leprino Foods Co.*, No. 220CV00700AWIBAM, 2022 WL 3371584, at *3 (E.D. Cal. Aug. 16, 2022) (motion to substitute plaintiff filed several weeks plaintiff obtained new employment, not "several years after he knew or should have known of the facts prompting his decision to seek substitution"); *Doe v. City of Memphis*, No. 213CV03002JTFCGC, 2014 WL 12978864, at *1 (W.D. Tenn. Sept. 24, 2014) (motion for leave to file amended complaint filed only 30 days after deadline for amendment expired).

Finally, even assuming that Plaintiff could establish good cause from February 10, 2023 onward, she fails to address the City's argument that amendment should be denied under Rule

5

15(a)(2) because of the resulting delay and prejudice to the City. (Resp. at 14-15.) Plaintiff was on notice that GAO 2015-06 could limit the scope of the class long before February 10, 2023. At this late stage in the litigation, her Motion should be denied.

## CONCLUSION

For all these reasons, and those stated in the City's response, the Motion for Leave to Amend should be denied.

Dated: April 14, 2023                    Respectfully submitted,

**CITY OF CHICAGO**

*/s/ Elizabeth E. Babbitt*
***Special Assistant Corporation Counsel***
Allan T. Slagel aslagel@taftlaw.com
Elizabeth E. Babbitt ebabbitt@taflaw.com
Adam W. Decker adecker@taftlaw.com
Elizabeth A. Winkowski ewinkowski@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
(312) 527-4000

*Assistant Corporation Counsel*
Raoul Mowatt raoul.mowatt@cityofchicago.org
CITY OF CHICAGO DEPARTMENT OF LAW
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-3283