```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

ANTHONY MURDOCK, et al.,         )
                                 )    Docket No. 20 C 1440
             Plaintiffs,         )
                                 )    Chicago, Illinois
     v.                          )    August 16, 2023
                                 )    9:30 a.m.
CITY OF CHICAGO,                 )
                                 )
             Defendant.          )


       TRANSCRIPT OF TELEPHONIC PROCEEDINGS - Oral Ruling
            BEFORE THE HONORABLE THOMAS M. DURKIN


APPEARANCES:

For the Plaintiffs:      MR. KENNETH N. FLAXMAN
                         Kenneth N. Flaxman, P.C.
                         200 South Michigan Avenue, Suite 201
                         Chicago, Illinois  60604


For the Defendant:       MS. ELIZABETH WINKOWSKI
                         Taft Stettinius & Hollister LLP
                         111 East Wacker Drive, Suite 2600
                         Chicago, Illinois  60601






Court Reporter:          ELIA E. CARRIÓN, CSR, RPR, CRR, CRC
                         Official Court Reporter
                         United States District Court
                         219 South Dearborn Street, Room 1432
                         Chicago, Illinois 60604
                         312.408.7782
                         Elia_Carrion@ilnd.uscourts.gov
```

1    (Proceedings heard telephonically.)
2            THE CLERK:  The next case before us is
3    Case No. 20 CV 1440, Kennedy v. Chicago.
4            Counsel for the plaintiff, please state your name.
5            MR. FLAXMAN:  Good morning.  Kenneth Flaxman,
6    F-L-A-X-M-A-N, for the plaintiff.
7            THE CLERK:  And counsel --
8            MS. WINKOWSKI:  And good morning, Your Honor.
9    Elizabeth Winkowski for defendant, City of Chicago.
10            THE COURT:  All right.  Anyone else on for this case?
11            Okay.  We have a pending motion, and I'm going to
12   rule on it right now.
13            This is a putative class action, formerly assigned to
14   Judge Feinerman, which challenges the City's policies of
15   prohibiting arrestees from posting bail at the police station
16   when, A, the person is arrested on the weekend or a holiday;
17   or, B, the person has been arrested on a warrant issued by a
18   judge outside the city of Chicago.
19            Judge Feinerman ruled on December 1, 2022, that
20   plaintiffs could not challenge the application of this policy
21   to persons arrested on warrants issued by judges outside
22   Cook County.  He denied plaintiffs' motion to reconsider on
23   December 14th.  His ruling resulted in the dismissal of four
24   of the five remaining named plaintiffs.  Only named plaintiff,
25   Theresa Kennedy, remains.  Plaintiff expects the City will

Case: 1:20-cv-01440 Document #: 166 Filed: 08/25/23 Page 3 of 9 PageID #:2376

3

contend that Ms. Kennedy, who was arrested on a weekend, cannot adequately represent the claims of those arrested on warrants issued by a Cook County judge outside the city of Chicago. On February 28, 2023, plaintiff filed a motion for leave to amend the complaint by adding two named plaintiffs, Santiago Bravo and John Plummer, who were arrested on Cook County warrants and are members of the putative class.

The standard to evaluate the motion is guided in part by Federal Rule of Civil Procedure 15(a)(2) which provides that "the courts should freely give leave to amend when justice so requires." Leave to amend is inappropriate "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." That's *Arreola v. Godinez*, 546 F.3d 788 at 796 (7th Cir. 2008).

When an amendment to a pleading is sought after the expiration of the trial court's scheduling order deadline to amend pleadings, the moving party must show good cause under Federal Rule of Civil Procedure 16(b). That's *Trustmark v. Gen. & Cologne Life Re of America*, 424 F.3d 542 at 553 (7th Cir. 2005).

I do not adopt the plaintiff's argument that this is a motion to intervene. Here, justice requires granting plaintiff's request. In *Phillips v. Ford Motor Company*, 435 F.3d 785 at 787 (7th Cir. 2006), the Seventh Circuit

1    stated that "substitution of unnamed class members for named
2    plaintiffs who fall out of the case is a common and normally
3    an unexceptional or routine feature of class action
4    litigation."
5         That is precisely what plaintiff requests to do here.
6    Adding Bravo and Plummer does not add new claims to this
7    lawsuit, but serves "only to rearrange the seating chart
8    within a single ongoing action."  That's *In Re Allstate*
9    *Corporation Securities Litigation*, 966 F.3d 595 at
10   616 (7th Cir. 2020).
11        That Judge Feinerman previously denied plaintiff's
12   request for an extension of time to add new parties does not
13   bind this Court.  He denied the request without prejudice and
14   without deciding the merits and indicated that plaintiff could
15   renew her request at a later point.
16        The City claims plaintiff has not shown good cause
17   under Rule 16(b).  The plaintiff is right that
18   Judge Feinerman's December 1, 2022, order was a "sea change"
19   in the case.  It reduced the class of plaintiffs from those
20   arrested on warrants issued by any non-City judge in the state
21   of Illinois to only those arrested on warrants issued by
22   Cook County judges outside the City of Chicago.  Ms. Kennedy
23   was arrested on a weekend, so her claims do not represent
24   these class members.  This is good cause to add named
25   plaintiffs who can represent these class members.

1  The City also argues that plaintiff's motion is
2  untimely and will cause undue delay and prejudice to the City
3  because it is two years past the deadline to amend the
4  complaint or add parties and discovery has largely concluded.
5  Factors the Court analyzes in determining undue delay
6  include "the reasons for the delay, the length of time between
7  when the plaintiff learned of the facts supporting the
8  underlying amendment, and when the plaintiff moved to amend
9  the complaint and the procedural posture of the case."  That's
10 *Fermaint v. Planet Home Lending, LLC*, 2020 WL 1888915 at
11 page 2 (N.D. Ill. April 16, 2020).
12 Though plaintiff's counsel may have been aware of the
13 City's argument that was the basis for Judge Feinerman's
14 ruling, it did not receive discovery on this new defined class
15 until January 20, 2023, and alleges it received notice of the
16 City's intent to file a motion for summary judgment on
17 Ms. Kennedy's claims on February 10, 2023.  On February 28,
18 18 days later, February 28, 2023, plaintiff's counsel
19 identified Bravo and Plummer.  This is not an unreasonable
20 amount of time between learning of new facts and the request
21 to amend.
22 The addition of these two named plaintiffs who are
23 already class members does not greatly increase the amount of
24 new discovery.  It will likely entail some limited written
25 discovery regarding their individual arrests and perhaps their

1　depositions, which can't, practically speaking, last more than
2　an hour or two.  Discovery has not yet closed, as it has been
3　stayed during the briefing and the decision of this motion.
4　　　　　And, by the way, my comment on the depositions does
5　not limit it to a one- or two-hour deposition.  I just can't
6　conceive of it lasting very long for either of the named
7　plaintiffs.  But the parties can take the time they think they
8　need.
9　　　　　The parties should confer and propose a deadline by
10　which fact discovery should be completed.  Once you've
11　determined what that date is, communicate with my courtroom
12　deputy for the new fact discovery cutoff date.  I will likely
13　set a status a short time after that, unless you anticipate
14　expert discovery.
15　　　　　Mr. Flaxman, do you anticipate expert discovery in
16　this case?
17　　　　　MR. FLAXMAN:  No, Your Honor.
18　　　　　THE COURT:  All right.  And, Ms. Winkowski, anything
19　from the City by way of expert discovery?
20　　　　　MS. WINKOWSKI:  We don't anticipate expert discovery.
21　　　　　THE COURT:  Okay.  Once you've arrived at a discovery
22　cutoff, or if you can't agree, tell me your competing
23　positions in an email to my courtroom deputy, we'll enter that
24　discovery cutoff, and I'll have you in for a status shortly
25　thereafter and you can tell me how you want to proceed with

1 the case from there.
2 　　　　Anything else from plaintiff?
3 　　　　MR. FLAXMAN:  Nothing.  I hesitate to correct
4 Your Honor, but I think there was a typo.  In the beginning
5 of -- of your written -- of your oral opinion, you referred
6 to, you reject plaintiffs' argument that it's a motion to
7 intervene.  It was really defendant's argument --
8 　　　　THE COURT:  Oh, thank you.
9 　　　　MR. FLAXMAN:  -- of that intervention.
10 　　　　THE COURT:  Thanks for the clarification.  I reject
11 it either way.
12 　　　　MR. FLAXMAN:  I -- I understand.
13 　　　　THE COURT:  But I will change the oral ruling.  It
14 was defendant's argument that this should be considered a
15 motion to intervene.  It's not.  But thank you for that
16 correction.
17 　　　　Anything else from defendant?
18 　　　　MS. WINKOWSKI:  Your Honor, if -- one housekeeping
19 matter.  We would ask that plaintiff actually file a second
20 amended complaint.  We're still operating under the April 2021
21 complaint, and what's been submitted is a proposed amendment
22 to the amended complaint, so just to have some clarity in the
23 pleadings, we would ask that a second amended complaint now
24 with these three plaintiffs be filed.
25 　　　　THE COURT:  Any objection?

1      MR. FLAXMAN:  I will file it.  No, I will file that
2  today, Your Honor.
3      THE COURT:  Okay, very good.  And 21 days to answer
4  that complaint.  I assume at this point it's going to be an
5  answer, not a motion to dismiss.
6      MS. WINKOWSKI:  Your Honor, I -- I think we want to
7  evaluate the pleadings once we see them.
8      THE COURT:  Okay.
9      MS. WINKOWSKI:  But we will be responding either way
10 within 21 days.
11     THE COURT:  All right.  And 21 days, Kerwin, from --
12 let's make it from tomorrow so that Mr. Flaxman has a chance
13 to file this.
14     THE CLERK:  That would be -- that would be
15 September 7.
16     THE COURT:  Okay.  And then contact my courtroom
17 deputy with your proposed new discovery cutoff and we'll have
18 you come back in right after that's taken place.
19     All right.  Unless there's anything else, thank you
20 both.
21     MR. FLAXMAN:  No.  Thank you, Your Honor.
22     MS. WINKOWSKI:  Thank you, Your Honor.
23     THE COURT:  All right.  Bye-bye.
24   (Proceedings concluded at 9:39 a.m.)
25

1                         CERTIFICATE

2     I certify that the foregoing is a correct transcript from

3  the record of proceedings in the above-entitled matter.

4  */s/ Elia E. Carrión*          *25th day of August, 2023*
   _____    _____
5  *Elia E. Carrión*                         *Date*
   *Official Court Reporter*