UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEREA KENEDY; SANTIAGO BRAVO; and JOHN PLUMMER, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO,<br><br>Defendant. | No. 20 C 1440<br><br>Judge Thomas M. Durkin |

MEMORANDUM OPINION AND ORDER

Plaintiffs claim that their Fourth and Fourteenth Amendment rights were violated when they were not permitted to post bond at a Chicago Police station immediately after their arrest, but instead were detained until they could be presented to a judge in bond court the next day. Defendant City of Chicago has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 168. That motion is granted in part and denied in part.

Background

Chicago Police Department Special Order S06-12-02 (the "Policy") provides procedures for "Non-Traffic Arrest Warrants." Under the Policy, people who: (i) are arrested on a weekday; (ii) on a Chicago warrant; (iii) that specifies the amount of bond; are permitted to post bond at the police station and be released. The Policy prohibits people arrested on warrants outside Chicago, or arrested on weekends, from

posting bond at the station, and instead requires that the arrestee be presented to a judge in bond court, even if the warrant specifies the bond amount.

## Analysis

### I. Fourth Amendment

Plaintiffs argue that this different treatment of people arrested on weekends compared to weekdays violates the Fourth Amendment. Plaintiffs do not allege that the amount of time they were detained in order to present them to a bond court judge was unreasonable. They claim that it was unreasonable to take *any* time to present them to a bond court judge because they should have been allowed to post the bond amount specified in their warrants at the police station without taking the time necessary to present them to a judge.

The problem with this argument is that the Fourth Amendment has nothing to say about *whether* an arrestee can be taken before a judge. The Fourth Amendment merely requires that if an arrestee is going to be presented to a judge, that it occurs within 48 hours, absent extenuating circumstances. *See Riverside County v. McLaughlin*, 500 U.S. 44 (1991); *Gerstein v. Pugh*, 420 U.S. 103 (1975).

The Seventh Circuit recently applied this standard to the Policy at issue here in *Alcorn v. City of Chicago*, 83 F.4th 1063 (7th Cir. 2023). In *Alcorn*, the Seventh Circuit affirmed a grant of summary judgment to the City on a claim by an arrestee who was not permitted to post the bond specified in his warrant at the police station because the warrant was issued by a judge with jurisdiction outside Chicago.

2

The City argues that *Alcorn* requires dismissal here. In opposition, Plaintiffs point out that *Riverside* (the origin of the 48-hour standard) addressed a warrantless arrest, and so Plaintiffs surmise that the Seventh Circuit in *Alcorn* must have treated the arrest by Chicago Police on a non-Chicago warrant as akin to a warrantless arrest, making *Alcorn* inapposite here. There is no support for this argument anywhere in the *Alcorn* opinion. And to the contrary, courts have applied *Riverside's* reasonableness requirement and the 48-hour rule to any post-arrest detention when the intent is to bring the arrestee before a judge, whether for a probable cause hearing like in *Riverside*, or otherwise, such as for a bond hearing in *Alcorn*, 83 F.4th at 1065 ("The federal rule for how much time police can take to present an arrested person to a judge is the subject of *Riverside*."); s*ee also* Portis v. City of Chicago, Ill., 613 F.3d 702, 704 (7th Cir. 2010) ("Now it is true that the 48-hour burden-shifting approach does not apply when the police don't plan to present the suspect to a magistrate for a probable-cause hearing. But this does not mean that a district court can put [*Riverside's*] rationale to one side and establish a numerical definition of a reasonable detention. The [Supreme Court] observed in *Atwater* that [*Riverside's*] general approach applies to arrests for fine-only offenses, and may be supplemented by time limits established by legislatures.").[1]

---

[1] Moreover, because the arrest in *Alcorn* was not actually "warrantless," but was made pursuant to a warrant, the only basis for Plaintiffs to argue that the Seventh Circuit considered the arrest "warrantless" was the application of the Policy to require the arrestee's presentation to a judge. But that is precisely what happened here (albeit because the arrest was made on a weekend, not because it was made pursuant to an out-of-county warrant as in *Alcorn*). Nevertheless, on Plaintiffs' logic,

3

Of course, Plaintiffs' claim is that they should not have been detained to be presented before a judge at all. But they have not cited any authority that the Fourth Amendment is relevant to whether they had a right to avoid presentation to a judge subsequent to arrest. Plaintiffs' complaint about the Policy requiring them to be presented to a judge to post bond does not state a claim under the Fourth Amendment. *See Alcorn*, 83 F.4th at 1065 ("[The plaintiff's] claim rests on the Fourth Amendment, not on Illinois law—and a violation of state law does not permit an award of damages under § 1983."). Because Plaintiffs do not claim that the time they were detained before being presented a judge was greater than 48 hours or otherwise unreasonable, they have failed to state a claim under the Fourth Amendment.

## II. Fourteenth Amendment

Plaintiffs' Fourteenth Amendment claim is a different matter. The Equal Protection Clause of the Fourteenth Amendment provides that all people who are "similarly situated should be treated alike." *West v. Radtke*, 48 F.4th 836, 851 (7th Cir. 2022). Where the classification of a government policy involves neither a fundamental right nor suspect classification, it must withstand only rational basis review. *See Armour v. City of Indianapolis*, 566 U.S. 673, 680 (2012). Plaintiffs concede that their Fourteenth Amendment claim is subject to rational basis review.

Under rational basis review, a government policy is presumed constitutional unless it lacks a rational basis. *See Armour,* 566 U.S. at 680. A rational basis exists

---

the arrest in this case is just as "warrantless" as the arrest in *Alcorn*, which suggests that *Alcorn's* reasoning should apply to dismiss the claims here as well.

4

if "there is a rational relationship between the disparity of treatment and some legitimate government purpose." *Id.* The government policy "will not be set aside if any state of facts reasonably may be conceived to justify it." *See Wroblewski v. City of Washburn,* 965 F.2d 452, 459-60 (7th Cir. 1992). To survive a motion to dismiss, a plaintiff "must allege facts to overcome the presumption of rationality that applies to government classifications." *See Flying J Inc. v. City of New Haven*, 549 F.3d 538 (7th Cir. 2008).

Here, the Policy allows people arrested on Chicago warrants that specify the bond amount to post bond on weekdays but not weekends. Two of the plaintiffs (Kennedy and Plummer) fit this description (the claims by the third (plaintiff Bravo) do not and so are dismissed entirely). The City argues that the Police Department is justified in not releasing people arrested on non-Chicago warrants because, unlike Chicago warrants, non-Chicago warrants cannot be validated through the Chicago Police Department's "CLEAR" system. *See* R. 179 at 10. Perhaps this is true. Assuming that it is, this justification is conceivably and rationally related to the legitimate purpose of ensuring that non-Chicago warrants are properly administered.

But that explanation provides no justification for the Policy's different treatment of people arrested on Chicago warrants based on the day of the week. The CLEAR system is presumably accessible on weekends just as it is on weekdays; at least the City does not not contend otherwise. If Chicago Police officers can confirm Chicago warrants on weekends just as easily as they can be confirmed on weekdays, then there is no "readily apparent" reason, *see Wroblewski,* 965 F.2d at 460, for

5

prohibiting weekend arrestees on Chicago warrants from posting the bond specified in their warrant at the police station without waiting to see a judge.

Plaintiffs' allegations do not reveal a conceivable reason for the Policy's discrimination among arrestees based on the day of the week. The City's single proffered explanation is not relevant to people arrested on Chicago warrants. Thus, Plaintiffs Kennedy and Plummer have stated a plausible claim that their Fourteenth Amendment rights were violated.

## Conclusion

Therefore, the City's motion to dismiss [168] is granted in part and denied in part. The motion is granted in that Plaintiffs' Fourth Amendment claims are dismissed, and Plaintiff Bravo's Fourteenth Amendment claim is also dismissed. The motion is denied in that Plaintiff Kennedy's and Plaintiff Plummer's Fourteenth Amendment claims will proceed.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: April 29, 2024